IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROSE RODRIGUEZ-RABIN,

    Petitioner,

v.                                  Case No. 5:23cv130/MCR/MAL

BARRY WINGFIELD,
WARDEN F.C.I. MARIANNA[1]

    Respondent.
    _____/

## REPORT AND RECOMMENDATION

Petitioner Rose Rodriguez-Rabin initiated this case by filing a petition for writ of habeas corpus under § 2241 and an "Emergency Memorandum of Law." ECF Nos. 1, 2. She subsequently filed an amended § 2241 petition and refiled her "Emergency Memorandum of Law." ECF Nos. 6, 7. This case is before me on the Warden's "Response in Opposition to Amended Petition Pursuant to 28 U.S.C. § 2241 (Doc. 6) for Failure to Exhaust Administrative Remedies, for Failure to Establish Subject Matter Jurisdiction, and for Mootness" and Petitioner's Reply thereto. ECF Nos. 14, 15. For the reasons discussed herein, the undersigned

---

[1] It is sufficient to generically identify the warden of the facility where Petitioner is currently incarcerated as the respondent in the instant petition. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021). However, the Court has been advised that Warden Pistro, who was previously named as respondent has been replaced by Barry Wingfield. Pursuant to Fed.R.Civ.P. 25(d), Warden Wingfield is automatically substituted as a party in this action.

concludes the petition should be dismissed as moot. The petition is also subject to dismissal for failure to exhaust administrative remedies and for lack of jurisdiction.

I. Procedural History

On July 21, 2021, Rodriguez-Rabin was sentenced in the U.S. District Court for the Western District of Texas to a term of 60 months' imprisonment after pleading guilty to a single count of possession with intent to distribute methamphetamine. W.D. Tex. Case 1:20cr11-RP. She did not appeal. Rodriquez-Rabin is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, with a projected release date of January 4, 2025. *See* https://www.bop.gov/inmateloc/. Her projected release date includes the application of First Step Act Credits. *See* ECF No. 14-1 at 2.

Rodriguez-Rabin filed her petition for relief under 28 U.S.C. § 2241 in May of 2023, and her amended petition in June of 2023. ECF No. 6. She argues the Bureau of Prisons is in violation of the separation of powers doctrine because it added "its own arbitrary and capricious rules" to the Coronavirus Aid, Relief and Economic Security Act (CARES Act), as passed by Congress. *Id.* at 3. On her petition form, she indicates she seeks an order compelling the BOP to process her for home confinement under the CARES Act, disregarding any rules added by the BOP, such as that requiring inmates to have served 50% of their sentences. *Id.* at 6.

In the accompanying memorandum she similarly states she asks the Court to grant her motion and "COMPEL the Federal Bureau of Prisons to process her for Home Confinement under the CARES Act without regard to arbitrary and capricious regulations…" ECF No. 2 at 9.

Respondent contends the petition should be dismissed because Rodriguez-Rabin has not exhausted her administrative remedies, she has not established subject matter jurisdiction, and the petition is moot.

II.     Discussion

Generally speaking, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). By statute, the BOP "shall designate the place of the prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). "Notwithstanding any other provision of law," any such "designation" by the BOP "is not reviewable by any court." *Id*.

The BOP also has the authority to place a federal prisoner in prerelease custody, including home confinement. 18 U.S.C. § 3624(c)(2). In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Under the CARES Act, the BOP was granted temporary

expanded authority to place prisoners in home confinement. CARES Act, Pub. L. No. 116-136, § 120003(b)(2), 134 Stat. 281, 515 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."). "Neither § 3624(c)(2) nor the CARES Act provides the judiciary any authority to grant an inmate home confinement." *Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *2 (11th Cir. Feb. 6, 2023) (citing 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2)). The BOP's decisions regarding where prisoners are confined generally are not subject to judicial review. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

According to the plain language of the CARES Act, the Director's expanded authority to place prisoners in home confinement expired at the end of the "covered emergency period." *See* Home Confinement Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 87 Fed. Reg. 36787-01, 2022 WL 2192080 (June 21, 2022). The term "covered emergency period" refers to the period beginning on

the date the President declared a national emergency with respect to COVID-19 and ending 30 days after the date on which the national emergency declaration terminates. *Id.* The President declared the COVID-19 pandemic to be a national emergency on March 13, 2020. *See* Proclamation No. 9994, 85 Fed. Reg. 15337 (March 13, 2020). On April 10, 2023, the President signed into law the termination of the national emergency relating to the COVID-19 pandemic. *See* National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Accordingly, the CARES Act's expanded home confinement authority ended 30 days later, on May 11, 2023, shortly after Rodriguez-Rabin filed her original petition under the prison mailbox rule. *See* CARES Act § 12003(a)(2).

Rodriguez-Rabin recognized the impending end of the CARES Act and asked the Court to consider her petition on an emergency basis. ECF No. 7 at 1, 9. She asserts neither Congress nor then-Attorney General William Barr authorized the BOP to enact additional regulations to restrict the use of the CARES Act, and the BOP has usurped the authority of both in making its own rules. *Id.* at 4-5. Rodriguez-Rabin also claims she should be exempt from the exhaustion requirement. *Id.* at 8-9. As noted above, as relief, Rodriguez-Rabin asks the Court to grant her motion and compel the BOP to "process her" for home confinement under the Act without regard to any "arbitrary and capricious regulations." *Id.* at 9.

Given the expiration of the CARES Act's provisions for expanded home confinement, the Court must first consider whether Rodriguez-Rabin's challenge to the BOP's regulations regarding implementation of the CARES Act, and her request that the Court compel the BOP to process her for home confinement under the Act, continue to present a live case or controversy.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" ....' " *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (*quoting Murphy v. Hunt*, 455 U.S. 478 (1982)). If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Multiple courts that have considered the issue have determined because the covered emergency period has terminated, the BOP does not presently have authority to newly transfer inmates to home confinement under the CARES Act. *See Ahmed v. Otisville*, No. 23-CV-454 (PGG) (RWL), 2023 WL 9113089, *3 (S.D. N.Y Dec. 13, 2023); *Carr v. Warden*, No. SAG-23-966, 2023 WL 8650293, at *2 (Dec. 14, 2023). Therefore, requests for relief in various forms arising under the CARES Act have been found to be moot. *See, e.g., Ahmed*; *Carr*; *Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582 (D. Conn. Nov. 6, 2023); *Perry v. Knight*, No.

CV-23-1064 (RMB), 2023 WL 7280553 (D.N.J. Nov. 2, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803 (M.D. Pa. Sept. 22, 2023).

The end-goal of Rodriguez-Rabin's request for relief is a Court order that will compel the BOP to consider her for transfer to home confinement. ECF No. 7 at 9. But the BOP no longer has authority to grant relief under that Act. Therefore, no order from this Court could result in the relief she ultimately seeks because the BOP no longer has authority to grant relief under that Act. *See Cuney*, 2023 WL 6200803, at *2; *Carr*, 2023 WL 8650293, at *3. Rodriguez-Rabin's eligibility for home confinement is once again governed by 18 U.S.C. § 3624(c)(2), which provides in pertinent part:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2). Rodriguez-Rabin thus is currently eligible for home confinement six months before her projected release date.

Based on the forgoing, the Court finds any claim regarding the application of the CARES Act has been rendered moot by the expiration of the Act, and the petition should be dismissed.

For the sake of completeness, the Court notes the Warden argues in his response that Rodriguez-Rabin has neither exhausted her administrative remedies nor established the Court has subject matter jurisdiction over her claim. ECF No. 14. First, the Declaration of Paralegal Specialist Kevin Littlejohn and attachments thereto confirm Rodriguez-Rabin has not properly exhausted her administrative remedies on the issues complained of in this litigation. ECF No. 14-2. Additionally, Rodriguez-Rabin herself admits on the petition form that the administrative remedy process was only "in progress" at the time she filed her petition. ECF No. 6 at 3. She also asserts the "forms are futile." *Id.;* ECF No. 7 at 8. The Eleventh Circuit has not recognized a futility exception to the exhaustion requirement for § 2241 petitions. *See McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012); *Sanchez v. Warden, FCC Coleman, Low*, No. 5:23-cv-79-WFJ-PRL, 2023 WL 4489472, at *2 (M.D. Fla. July 12, 2023); *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022). Even if the exception were applicable, Rodriguez-Rabin did not demonstrate extraordinary circumstances that would warrant the application of the exception. *See Sanchez*, 2023 WL 4489472, at

\*2 (noting that circuits that recognize the futility exception limit its application to extraordinary circumstances) (citing *Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994)).

More significantly, with respect to subject matter jurisdiction, even if the CARES Act had not expired, the Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. *Sills*, 2023 WL 1775725, at \*2 (citing 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2)); *see also* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Thus, this Court does not have, and never had, the authority to require the BOP to place Rodriguez-Rabin in home confinement as she requested. Additionally, if construed first and foremost as a separation of powers challenge, as she asserts in her reply, the petition does not directly challenge the fact or duration of Rodriguez-Rabin's imprisonment, and thus is not a proper matter for a § 2241 petition. ECF No. 8 at 3-4, 10. A request for such declaratory relief would not change the fact or duration of her imprisonment and is therefore not appropriate to raise in a § 2241 petition. *See Dickey v. Warden, FCI Marianna,* No. 5:22-cv-84-TKW-ZCB, 2022 WL 17969167 (N.D. Fla. Dec. 8, 2022) (declaratory relief unavailable under § 2241 if release or alteration of sentence would not follow*), report and recommendation adopted*, 2022

WL 17968838 (N.D. Fla. Dec. 27, 2022), *aff'd* No. 23-10337, 2023 WL 5014363 (11th Cir. 2023).

Accordingly, it is respectfully RECOMMENDED:

1. The amended petition under 28 U.S.C. § 2241, ECF No. 6, be **DISMISSED.**

2. The clerk be directed to close the case file.

At Gainesville, Florida on February 7, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.